Louis S. Ederer
louis.ederer@aporter.com
Matthew T. Salzmann
matthew.salzmann@aporter.com
ARNOLD & PORTER LLP
399 Park Avenue
New York, New York  10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*
*RCRV, Inc. d/b/a Rock Revival*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------- x

| | |
|---|---|
| RCRV, INC. d/b/a ROCK REVIVAL, | Civil Action No. |
| Plaintiff, | |
| - against - | **COMPLAINT** |
| FEDERAL JEANS, INC., | |
| Defendant. | |

--------------------------------------------------------- x

Plaintiff RCRV, Inc. d/b/a Rock Revival ("RCRV"), by and through its undersigned

counsel, complains of defendant Federal Jeans, Inc. ("Federal Jeans" or "Defendant"), and

alleges as follows:

**NATURE OF THE ACTION**

1.      This case concerns Federal Jeans' ongoing, willful counterfeiting and/or

infringement of RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, one of RCRV's

most distinctive and popular designs used on and in connection with its highly successful line of

ROCK REVIVAL brand jeanswear products.  Despite RCRV's prior encounter with Federal

Jeans concerning the infringement of its INVERTED FLEUR-DE-LIS DESIGN Trademark, and

Federal Jeans' express agreement to refrain from further infringement of RCRV's rights in and to

its INVERTED FLEUR-DE-LIS DESIGN Trademark, Federal Jeans is continuing to engage in the same acts of infringement.  And, as before, Federal Jeans' instant conduct was undertaken in bad faith, was without RCRV's consent, and was engaged in by Federal Jeans deliberately so that it could compete directly with RCRV and siphon off sales from RCRV's popular ROCK REVIVAL jeanswear line.

2.      In particular, this case concerns Federal Jeans' willful and deliberate violation of its December 13, 2013 settlement agreement (the "December 2013 Settlement Agreement") with RCRV and other parties resolving certain claims, including, without limitation, RCRV's claim for infringement of its INVERTED FLEUR-DE-LIS DESIGN Trademark (the "Prior Dispute").

3.      RCRV seeks injunctive relief and damages for acts of breach of contract, trademark counterfeiting and/or infringement, false designation of origin and unfair competition, engaged in by Federal Jeans in violation of the laws of the United States and the State of New York.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. RCRV's claims are predicated upon the Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.*, and substantial and related claims under the common law of the State of New York.

5.      Venue is proper in this Court pursuant 28 U.S.C. § 1391, because Federal Jeans is subject to personal jurisdiction within this judicial district, and/or because a substantial part of the events giving rise to RCRV's claims occurred within this judicial district.

## THE PARTIES

6.      Plaintiff RCRV is a corporation duly organized and existing under the laws of the State of California, having its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

7.      Upon information and belief, Defendant Federal Jeans is a corporation organized and existing under the laws of the State of New York, having its principal place of business located at 1385 Broadway, New York, New York 10018.  Upon further information and belief, Federal Jeans is responsible for manufacturing, designing, importing, exporting, distributing, advertising, promoting, offering for sale and/or selling the infringing products at issue in this action.

## RCRV'S BUSINESS

8.      RCRV designs, manufactures, promotes, sells and distributes high-quality jeanswear and denim products throughout the United States, including in this judicial district, under the ROCK REVIVAL brand name.

9.      ROCK REVIVAL brand jeanswear and denim products are sold at retail by such well-known fashion chain stores and department stores as The Buckle and Nordstrom, both in-store and online.  ROCK REVIVAL brand jeanswear and denim products have become very popular in the highly competitive jeanswear market.  Among the primary elements that distinguish ROCK REVIVAL jeanswear products from its competitors is a distinctive inverted fleur-de-lis design that is embroidered or otherwise affixed onto the rear pockets of ROCK REVIVAL jeanswear products, which design mark has come to identify RCRV as the source of such products.

## RCRV'S INVERTED FLEUR-DE-LIS DESIGN TRADEMARK

10.      In March 2006, RCRV's predecessor introduced a new and distinctive inverted

3

fleur-de-lis design embroidered or otherwise affixed onto the rear pocket of its jeanswear (the "INVERTED FLEUR-DE-LIS DESIGN Trademark").  Given its innovative design characteristics, the INVERTED FLEUR-DE-LIS DESIGN is an inherently distinctive source identifier that has become widely associated with ROCK REVIVAL brand jeanswear products. Further, RCRV and its predecessor have continuously and exclusively used the INVERTED FLEUR-DE-LIS DESIGN on jeanswear products since March 2006, to the point where the INVERTED FLEUR-DE-LIS DESIGN has become the signature design of RCRV's business.

11.    The INVERTED FLEUR-DE-LIS DESIGN Trademark is the subject of U.S. Trademark Registration No. 4,248,371, registered on November 27, 2012 on the Principal Register, for apparel, namely, jeans, shorts and skirts.  RCRV's registration for the INVERTED FLEUR-DE-LIS DESIGN Trademark is in full force and effect.  A copy of the registration certificate for the INVERTED FLEUR-DE-LIS DESIGN Trademark, along with a photograph of the INVERTED FLEUR-DE-LIS DESIGN Trademark as used by RCRV on its ROCK REVIVAL line of jeanswear products, is attached hereto as Exhibit A.

12.    RCRV products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark are distributed and sold in over 900 stores worldwide, including retailers such as Nordstrom and The Buckle.  In addition, products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark are sold on-line through RCRV's official ROCK REVIVAL brand website, www.rockrevival.com, and through websites affiliated with RCRV's authorized retail department stores, including The Buckle and Nordstrom.

13.    In the United States, sales of RCRV's ROCK REVIVAL jeanswear products featuring the INVERTED FLEUR-DE-LIS DESIGN Trademark have been rapidly increasing over the past few years.  For example, sales of products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark exceeded $80 million in 2013, and $100 million in 2014 and 2015.

14.     Moreover, RCRV and its predecessor have consistently promoted the INVERTED FLEUR-DE-LIS DESIGN Trademark as an indicator of source for ROCK REVIVAL jeanswear products, and RCRV has expended substantial amounts of money promoting the INVERTED FLEUR-DE-LIS DESIGN Trademark as an indicator of source for its goods.  In particular, the INVERTED FLEUR-DE-LIS DESIGN Trademark has enjoyed coverage in leading mainstream and fashion publications in the United States.  For example, the leading fashion industry publication *Women's Wear Daily* listed ROCK REVIVAL as the tenth most searched-for denim brand in its April 2009 edition and November 2009 edition focusing on jeanswear rear pocket designs.

15.     The INVERTED FLEUR-DE-LIS DESIGN Trademark is featured on the rear pocket of nearly all RCRV jeanswear products, and RCRV's retail customers consistently recognize the INVERTED FLEUR-DE-LIS DESIGN as RCRV's "signature" and/or "trademark."

16.     Further, celebrities have repeatedly been seen wearing RCRV jeanswear products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark, creating millions of commercial "impressions" of the design, including Steven Tyler, lead singer of the famous rock band Aerosmith, in *Rolling Stone* magazine; Halle Berry, the Oscar winning actress, in *US Weekly*; Teri Hatcher on the popular television show *Desperate Housewives*; Casey James, a finalist on the then-number one rated television show *American Idol*; and Hines Ward, the former National Football League star and *Dancing With The Stars* winner.

17.     Accordingly, in addition to being, in and of itself, inherently distinctive, the INVERTED FLEUR-DE-LIS DESIGN Trademark has, through extensive sales, promotion and media coverage of ROCK REVIVAL jeanswear, come to identify RCRV as the exclusive source of such products.  As a result of RCRV's broad media exposure, and the uninterrupted and

5

continuing promotion and sale of ROCK REVIVAL jeanswear bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark, the design has acquired distinctiveness, and has developed a strong secondary meaning among consumers and the trade, immediately identifying RCRV as the exclusive source of products bearing the INVERTED FLEUR-DE-LIS DESIGN Trademark, and signifying goodwill of incalculable value.

## THE DECEMBER 2013 SETTLEMENT AGREEMENT

18.     On December 13, 2013, RCRV, Federal, and other parties entered into the December 2013 Settlement Agreement, which resolved the Prior Dispute, including RCRV's claim that Federal had infringed its INVERTED FLEUR-DE-LIS DESIGN Trademark.

19.     As part of the December 2013 Settlement Agreement, Federal Jeans agreed to "permanently cease and desist from designing, manufacturing, importing, exporting, distributing, marketing, promoting, advertising, supplying, purchasing, offering for sale and/or selling jeanswear products bearing the Accused Designs, or any other jeanswear products that contain designs … [that are] confusingly similar to the [INVERTED FLEUR-DE-LIS DESIGN Trademark] …."

20.     In addition, as part of the December 2013 Settlement Agreement, Federal Jeans "acknowledge[d] the validity and enforceability of the Protected Designs," including, without limitation, RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, and agreed "not [to] contest the validity and/or enforceability of … RCRV's rights in and to any of the Protected Designs in any future proceeding between the Parties, anywhere in the world."

21.     RCRV and Federal Jeans further agreed that any action for breach of the December 2013 Settlement Agreement shall be brought in this Court, and that this "Court shall have jurisdiction over them with regard to the enforcement of their respective rights under [the] Settlement Agreement …."

22.     Further, pursuant to the December 2013 Settlement Agreement, it was agreed that "[t]he prevailing Party in any such suit shall recover its costs and reasonable attorneys' fees from the other Party."

## FEDERAL JEANS' FURTHER INFRINGING CONDUCT

23.     Upon information and belief, at all times relevant hereto, Federal Jeans has had full knowledge of consumer association of the INVERTED FLEUR-DE-LIS DESIGN Trademark with RCRV, as well as RCRV's exclusive right to use such mark and exploit the goodwill associated therewith, particularly in light of its execution of the December 2013 Settlement Agreement.

24.     Upon information and belief, Federal Jeans is currently, and at all times relevant hereto has been engaged in the business of creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling jeanswear products.

25.     Upon information and belief, Federal Jeans is creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling, or causing to be designed, created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold, without authorization or license from RCRV, jeanswear products bearing a design that is substantially indistinguishable from, and/or confusingly similar to the INVERTED FLEUR-DE-LIS DESIGN Trademark (the "Infringing Design"), all in violation of RCRV's trademark rights, as well as its undertaking in the parties' December 2013 Settlement Agreement.

26.     A photograph of the Infringing Design used by Federal Jeans on its "Revolution by Revolt" jeanswear products is attached hereto as Exhibit B.  A comparison of RCRV's

INVERTED FLEUR-DE-LIS DESIGN Trademark and Federal's Infringing Design is set forth below:



| RCRV'S INVERTED FLEUR-DE-LIS DESIGN Trademark | Federal Jeans' Infringing Design |
|---|---|

27.    Upon information and belief, Federal Jeans has created, manufactured, distributed, imported, exported, supplied, advertised, promoted, offered for sale and/or sold jeanswear products bearing the Infringing Design in this judicial district.

28.    Upon information and belief, Federal Jeans has deliberately, knowingly and faithfully created, manufactured, imported, exported, distributed, supplied, advertised, promoted, offered for sale and/or sold jeanswear products that infringe RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark.

29.    Upon information and belief, Federal Jeans was aware that RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark is a well-known RCRV design at the time it began creating, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, offering for sale and/or selling jeanswear bearing the Infringing Design.

30.    Upon further information and belief, Federal Jeans was aware that it was trading in jeanswear products bearing a design that is substantially indistinguishable from, and/or confusingly similar to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, in direct violation of the parties' December 2013 Settlement Agreement.

31.     Accordingly, upon information and belief, Federal Jeans has been engaging in the above-described unlawful activities knowingly and intentionally, and/or with reckless disregard for both RCRV's rights in the INVERTED FLEUR-DE-LIS DESIGN Trademark, and the restrictions imposed by the December 2013 Settlement Agreement.

32.     Upon information and belief, Federal Jeans intends to continue to create, manufacture, import, export, distribute, supply, advertise, promote, offer for sale and/or sell products bearing the Infringing Design, unless otherwise restrained by this Court.

33.     Unless Federal Jeans' conduct is enjoined, such conduct will severely inhibit and/or destroy the ability of RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark to identify RCRV as the exclusive source of goods to which it is affixed.

**FIRST CLAIM FOR RELIEF**
**BREACH OF THE DECEMBER 2013 SETTLEMENT AGREEMENT**

34.     The allegations set forth in paragraphs 1 through 33 hereof are adopted and incorporated by reference as if fully set forth herein.

35.     The December 2013 Settlement Agreement, entered into in order to resolve the Prior Dispute, is a valid contract, supported by good and valuable consideration.

36.     A material term of the parties' December 2013 Settlement Agreement was Federal Jeans' undertaking to "permanently cease and desist from designing, manufacturing, importing, exporting, distributing, marketing, promoting, advertising, supplying, purchasing, offering for sale and/or selling jeanswear products bearing the Accused Designs, or any other jeanswear products that contain designs … [that are] confusingly similar to the [INVERTED FLEUR-DE-LIS DESIGN Trademark] …."

37.     By deliberately continuing to promote, market, advertise, distribute, offer for sale and sell jeanswear products bearing a studied imitation of RCRV's INVERTED FLEUR-DE-LIS

DESIGN Trademark, Federal Jeans has materially breached the terms of the December 2013 Settlement Agreement, specifically its undertaking to cease and desist from designing, manufacturing, importing, exporting, distributing, marketing, promoting, advertising, supplying, purchasing, offering for sale and/or selling jeanswear products bearing a design that is confusingly similar to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark.

38.     Upon information and belief, by its conduct, Federal Jeans intends to continue to deliberately breach the terms of the December 2013 Settlement Agreement unless restrained by this Court.

39.     Upon information and belief, by its conduct, Federal Jeans has made and will continue to make profits and gains to which it is not in law or equity entitled.

40.     Federal Jeans' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

**SECOND CLAIM FOR RELIEF**
**TRADEMARK COUNTERFEITING & INFRINGEMENT (15 U.S.C. § 1114)**

41.     The allegations set forth in paragraphs 1 through 40 hereof are adopted and incorporated by reference as if fully set forth herein.

42.     By the acts alleged herein, Federal Jeans is using a mark that is substantially indistinguishable from, and/or confusingly similar to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, and has counterfeited and/or infringed, and continues to counterfeit and/or infringe the INVERTED FLEUR-DE-LIS DESIGN Trademark, in violation of 15 U.S.C. § 1114.

43.     Upon information and belief, Federal Jeans' use of a mark that is substantially indistinguishable from, and/or confusingly similar to the INVERTED FLEUR-DE-LIS DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause confusion, mistake and deception among the general consuming public and the trade as to the source of Federal

Jeans' products bearing the Infringing Design, or as to a possible affiliation, connection or association between RCRV and Federal Jeans' jeanswear products.

44.     Upon information and belief, Federal Jeans has acted with knowledge of RCRV's ownership of the INVERTED FLEUR-DE-LIS DESIGN Trademark, and with the deliberate intention to unfairly benefit from the goodwill symbolized thereby.

45.     Federal Jeans' acts constitute willful trademark counterfeiting and/or infringement in violation of 15 U.S.C. § 1114.

46.     Upon information and belief, by its actions, Federal Jeans intends to continue its unlawful conduct, and to willfully counterfeit and/or infringe RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, unless restrained by this Court.

47.     Upon information and belief, by its willful acts, Federal Jeans has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

48.     Federal Jeans' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))**

49.     The allegations set forth in paragraphs 1 through 48 hereof are adopted and incorporated by reference as if fully set forth herein.

50.     Upon information and belief, Federal Jeans' use of a mark that is substantially indistinguishable from, and/or confusingly similar to the INVERTED FLEUR-DE-LIS DESIGN Trademark has caused, is intended to cause, and is likely to continue to cause, confusion, mistake and deception among the general consuming public and the trade as to the source of such products, or as to a possible affiliation, connection or association between RCRV and Federal Jeans, and/or between RCRV and such products.

11

51.     Federal Jeans' conduct, as aforementioned, constitutes a willful false designation of the origin of the products bearing the Infringing Design, and/or false and misleading descriptions and representations of fact, in violation of 15 U.S.C. § 1125(a).

52.     Upon information and belief, by its actions, Federal Jeans intends to continue to falsely designate the origin of its products, as aforesaid, unless restrained by this Court.

53.     Upon information and belief, by its willful acts, Federal Jeans has made and will continue to make substantial profits and gains to which it is not in law or equity entitled.

54.     Federal Jeans' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF
## COMMON LAW TRADEMARK INFRINGEMENT

55.     The allegations set forth in paragraphs 1 through 54 hereof are adopted and incorporated by reference as if fully set forth herein.

56.     Federal Jeans' aforesaid conduct constitutes willful trademark infringement under the common law of the State of New York.

57.     Federal Jeans' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## COMMON LAW UNFAIR COMPETITION

58.     The allegations set forth in paragraphs 1 through 57 hereof are adopted and incorporated by reference as if fully set forth herein.

59.     Federal Jeans' aforesaid conduct constitutes willful unfair competition with RCRV under the common law of the State of New York.

60.     Federal Jeans' acts have irreparably damaged and, unless enjoined, will continue to irreparably damage RCRV, and RCRV has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, RCRV demands judgment against Federal Jeans as follows:

1.      Finding that, (a) as to Count 1, Federal Jeans willfully breached the December 2013 Settlement Agreement; (b) as to Count 2, Federal Jeans engaged in willful trademark counterfeiting and/or trademark infringement in violation of 15 U.S.C. § 1114; (c) as to Count 3, Federal Jeans engaged in willful false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(a); (d) as to Count 4, Federal Jeans engaged in willful trademark infringement under the common law of the State of New York; and (e) as to Count 5, Federal Jeans engaged in willful unfair competition under the common law of the State of New York.

2.      That Federal Jeans and all of those acting in concert with it, including its agents and servants, and all those on notice of this suit, be preliminarily and permanently enjoined from:

(a)      Designing, manufacturing, importing, exporting, distributing, supplying, advertising, promoting, marketing, offering for sale and/or selling any products which bear the Infringing Design, or any other designs that are confusingly similar in overall appearance to RCRV's INVERTED FLEUR-DE-LIS DESIGN Trademark, and engaging in any other activity constituting an infringement of any of RCRV's rights in and to the INVERTED FLEUR-DE-LIS DESIGN Trademark; and

(b)      engaging in any activity constituting unfair competition with RCRV, or acts and practices that deceive the public and/or the trade, including, without limitation, the use of design elements and designations associated with RCRV.

3.      That Federal Jeans be required to take such other measures as the Court may deem appropriate to prevent the public from deriving any erroneous impression that products bearing the Infringing Design have been designed, manufactured, imported, exported,

distributed, supplied, advertised, promoted, offered for sale and/or sold by RCRV, have been authorized by RCRV, or are related to or associated in any way with RCRV or its products.

4.      That Federal Jeans be required to recall all infringing items, including, without limitation, all items that bear the Infringing Design, and advertising and promotional materials, and thereafter to deliver up for destruction all infringing designs, artwork, packaging, advertising and promotional materials, and any means of making such items.

5.      That Federal Jeans be directed to file with the Court and serve upon RCRV, within thirty (30) days after service of a judgment or order upon Federal Jeans, a written report under oath setting forth in detail the manner in which it has complied with the requirements set forth above in paragraphs 2 through 4 hereof.

6.      That the Court award RCRV (a) its damages arising from Federal Jeans' willful breach of the December 2013 Settlement Agreement; (b) Federal Jeans' profits and RCRV's damages to the full extent provided for under 15 U.S.C. § 1117, with any monetary relief to be trebled, or, in the alternative with respect to RCRV's counterfeiting claim, at RCRV's election, statutory damages of upwards of $2 million; (c) Federal Jeans' profits, RCRV's actual damages and/or punitive damages as provided under the common law of the State of New York; and (d) RCRV's attorneys' fees and litigation-related expenses incurred herein, pursuant to the December 2013 Settlement Agreement and/or 15 U.S.C. § 1117(a).

7.      That RCRV be awarded pre-judgment and post-judgment interest on any monetary award made part of the judgment against Federal Jeans.

8.      That RCRV be awarded such additional and further relief as the Court deems just and proper.

Dated: New York, New York
      May 19, 2016

ARNOLD & PORTER LLP

By: _____

Louis S. Ederer
louis.ederer@aporter.com
Matthew T. Salzmann
matthew.salzmann@aporter.com
399 Park Avenue
New York, New York 10022
Phone (212) 715-1000
Fax (212) 715-1399

*Attorneys for Plaintiff*
*RCRV, Inc. d/b/a Rock Revival*

# EXHIBIT A



**Reg. No. 4,248,371**          RCRV, INC. (CALIFORNIA CORPORATION)
                                4715 S. ALAMEDA STREET
**Registered Nov. 27, 2012**   LOS ANGELES, CA 90058

**Int. Cl.: 25**                FOR: APPAREL, NAMELY, JEANS, SHORTS AND SKIRTS, IN CLASS 25 (U.S. CLS. 22 AND
                                39).

**TRADEMARK**                   FIRST USE 11-23-2005; IN COMMERCE 3-17-2006.

**PRINCIPAL REGISTER**          THE MARK CONSISTS OF A THREE-DIMENSIONAL DESIGN FEATURE CONSISTING OF
                                A STYLIZED INVERTED FLEUR DE LIS DESIGN STITCHED ON THE BACK POCKET OF
                                A JEANS PRODUCT, DEPICTED IN THE DRAWING AS A SOLID BLACK LINE. THE
                                DOTTED OUTLINE OF THE GOODS IS INTENDED TO SHOW THE POSITION OF THE
                                MARK AND IS NOT PART OF THE MARK AS SHOWN.

                                SEC. 2(F).

                                SER. NO. 85-330,951, FILED 5-26-2011.

                                MARK SPARACINO, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office



# **<u>EXHIBIT B</u>**

