**BENNETT D. KRASNER, ESQ.**
1233 Beech Street #49
Atlantic Beach NY 11509
Tel. (516) 889-9353
Fax (516) 432-7016
*Attorney for Defendant, Federal Jeans, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------X
RCRV, INC. d/b/a ROCK REVIVAL,

Plaintiff, Civil Action No. 1:16-CV-3736

-against-

FEDERAL JEANS, INC.,

Defendant.
-------------------------------------------------------X

**ANSWER AND AFFIRMATIVE & OTHER DEFENSES OF DEFENDANT TO PLAINTIFF'S COMPLAINT WITH COUNTERCLAIM**

Defendant, FEDERAL JEANS, INC. (herein, alternatively. "Federal Jeans" and/or "Defendant"), through its undersigned attorney, as and for its Answer to the allegations and claims of Plaintiff, RCRV, INC. d/b/a ROCK REVIVAL (herein, "Plaintiff"), set forth in Plaintiff's COMPLAINT, states as follows:

**GENERAL DENIAL**

To the extent not specifically addressed below, Defendant, Federal Jeans, denies generally and specifically each and every allegation thereof, including each and every cause of action alleged therein. Defendant, Federal Jeans, further denies generally and specifically that Plaintiff has been damaged in any way or amount, or at all, by reason of any wrongful act or omission on the part of Federal Jeans, or on the part of any of its agents, servants or employees.

**As to "NATURE OF THE ACTION"**

1. Denies the allegations contained in ¶¶1 and 2 of the Complaint.

2. Paragraph 3 states legal conclusions to which no response by Defendant is necessary. To the extent that any response may be necessary, Defendant denies as untrue the allegations in ¶3.

**As to "JURISDICTION AND VENUE"**

3. With respect to the allegations contained in ¶4 of the Complaint, Defendant admits Plaintiff's Complaint purports to state claims arising under the referenced laws and statutes but denies any infringement, wrongdoing or liability.

4. With respect to the allegations contained in ¶5 of the Complaint, Defendant is without knowledge or information sufficient to form a belief that this is the judicial district in which a substantial part of the events giving rise to Plaintiff's alleged claims occurred and therefore denies those allegations.

**As to "THE PARTIES"**

5. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶6 of the Complaint and, on that ground, denies such allegations.

6. With respect to the allegations contained in ¶7 of the Complaint, Defendant admits that it is a New York corporation but denies the remainder of the allegations contained in ¶7.

**As to "RCRV'S BUSINESS"**

7. Defendant denies knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in ¶¶8 & 9 of the Complaint and, on that ground, denies such allegations. With respect to the allegations in ¶9 of the Complaint that state "*Among the primary elements that distinguish ROCK REVIVAL jeanswear products from its competitors is a distinctive inverted fleur-de-lis design that is embroidered or otherwise affixed onto the rear pockets of ROCK REVIVIAL jeanswear products, which design mark has come to identify RCRV as the source of such products*…." Defendant denies, in particular, but not limited to, that allegation.

**As to "RCRV'S INVERTED FLEUR-DE-LIS DESIGN TRADEMARK"**

8. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶¶10 of the Complaint and, on that ground, denies such allegations.

9. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶11 of the Complaint, and, on that ground, denies such allegations. Exhibit A, referenced in ¶11 and attached to the Complaint, purports to be a copy of a trademark registration certificate and a photograph. Defendant responds that the registration certificate speaks for itself and respectfully refers the Court to that document for its full and complete terms; Defendant denies the accuracy and truthfulness of the photograph referenced in ¶11 (Exhibit A to the Complaint).

10. Defendant denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in ¶¶12, 13, 14, 15, 16 and 17 of the Complaint, and, on that ground, denies such allegations.

**As to "THE DECEMBER 2013 SETTLEMENT AGREEMENT"**

11. Defendant denies the allegations contained in ¶¶18, 19, 20, 21 and 22 of the Complaint except admits that an agreement exists and respectfully refers the Court to that document for its complete terms.

**As to "FEDERAL JEANS' FURTHER INFRINGING CONDUCT"**

12. Denies the allegations contained in ¶23 of the Complaint.

13. With respect to the allegations contained in ¶24 of the Complaint, Defendant admits that Defendant is engaged in the business of manufacturing, distributing and selling jeans wear products but denies the allegations as stated therein.

14. Defendant denies the allegations contained in ¶25 of the Complaint.

15. Defendant denies the allegations contained in ¶26 of the Complaint. Exhibit B, attached to the Complaint, purports to be a photograph; Defendant denies the accuracy and truthfulness of the photograph referenced in ¶26 and further responds that the photograph in Exhibit B is of poor quality thus creating an improper comparison.

16. Defendant denies the allegations contained in ¶¶27, 28, 29, 30, 31, 32 and 33 of the Complaint.

**As to "FIRST CLAIM FOR RELIEF**

**BREACH OF THE DECEMBER 2013 SETTLEMENT AGREEMENT"**

17. In response to ¶34 of the Complaint, Defendant repeats and re-alleges by reference its responses to each and every allegation contained in ¶¶1 through and including 33 above with the same force and effect as if fully set forth herein.

18. Paragraph 35 states legal conclusions to which no response by Defendant is

necessary. To the extent that any response may be necessary, Defendant denies as untrue the allegations in ¶35 except admits that an agreement exists and respectfully refers the Court to that document for its complete terms.

19. Defendant denies the allegations contained in ¶36 of the Complaint except admits that an agreement exists and respectfully refers the Court to that document for its complete terms.

20. Defendant denies the allegations contained in ¶¶37, 38, 39 and 40 of the Complaint.

**As to "SECOND CLAIM FOR RELIEF**
**TRADEMARK COUNTERFEITING & INFRINGEMENT (15 U.S.C. §1114)"**

21. In response to ¶41 of the Complaint, Defendant repeats and re-alleges by reference its responses to each and every allegation contained in ¶¶1 through and including 40 herein with the same force and effect as if fully set forth herein.

22. Defendant denies the allegations contained in ¶¶42, 43, 44, 46, 47 and 48 of the Complaint.

23. Paragraph 45 states a legal conclusion to which no response by Defendant is necessary. To the extent that any response may be necessary, Defendant denies as untrue the allegations in ¶45.

**As to "THIRD CLAIM FOR RELIEF**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. §1125(a))"**

24. In response to ¶49 of the Complaint, Defendant repeats and re-alleges by reference its responses to each and every allegation contained in ¶¶1 through and including 48 herein with the same force and effect as if fully set forth herein.

25. Defendant denies the allegations contained in ¶¶50, 51, 52, 53 and 54 of the Complaint.

**As to "FOURTH CLAIM FOR RELIEF**
**COMMON LAW TRADEMARK INFRINGEMENT"**

26. In response to ¶55 of the Complaint, Defendant repeats and re-alleges by reference its responses to each and every allegation contained in ¶¶1 through and including 54 herein with the same force and effect as if fully set forth herein.

27. Defendant denies the allegations contained in ¶¶56 and 57.

**As to "FIFTH CLAIM FOR RELIEF**
**COMMON LAW UNFAIR COMPETITION"**

28. In response to ¶58 of the Complaint, Defendant repeats and re-alleges by reference its responses to each and every allegation contained in ¶¶1 through and including 57 herein with the same force and effect as if fully set forth herein.

29. Defendant denies the allegations contained in ¶¶59 and 60 of the Complaint.

**As to "PRAYER FOR RELIEF"**

30. Defendant denies that Plaintiff is entitled to any relief whatsoever. Plaintiff's prayer for relief should be denied in its entirety and with prejudice and Plaintiff should take nothing. Defendant asks that judgment be entered for Defendant and that Defendant be awarded attorneys' fees in defending this action, together with such other and further relief as the Court deems appropriate.

**AFFIRMATIVE & OTHER DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred, in whole or in part, because Plaintiff lacks standing to bring some or all of the claims raised in the Complaint.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of equitable estoppel for which discovery is likely to provide evidentiary support.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches in that Plaintiff has unreasonably delayed in bringing this action by failing to exercise reasonable diligence, and this delay has prejudiced Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff sustained no cognizable damages attributable to Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff's damages, if any, were sustained as a result of its own acts or omissions or as a result of the acts or omissions of third parties outside of Defendant's control.

**EIGHT AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because Plaintiff failed to mitigate its damages, if any.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the applicable Statute of Limitations.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because of Plaintiff's acquiescence.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims fail because the imagery which appears on the alleged infringing articles is the subject of independent creation of Defendant or third parties and in no way derives from or portrays imagery protected by registration of Plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff's Trademark Registration (*see*, Exhibit A to the Complaint) was improperly issued by the United States Patent and Trademark Office in that said alleged trademark is merely a common shape, is not inherently distinctive, does not have any secondary meaning and has not become distinctive of Plaintiff's goods in interstate commerce in that purchasers do not and cannot associate the mark with Plaintiff alone. Defendant believes and on that basis alleges that the Complaint and each claim set forth therein, is barred (in whole or in part) by Plaintiff's fraud or deception in the trademark registration process, and investigation or discovery in this matter is likely to provide evidentiary support for such fraud.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The Trademark alleged in the Complaint has not acquired secondary meaning, is not inherently distinctive and has not become distinctive in that consumers do not associate the mark with Plaintiff alone.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Trademark alleged in the Complaint is functional and incapable of legal protection under trademark or unfair competition law.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The marks are not and cannot be confusingly similar because Plaintiff's registered mark is a flower, to-wit: a *fleur-de-lis*, and Defendant's design is an arrow.

**SIXTEENTH AFFIRMATIVE DEFENSE**

The Trademark alleged in the Complaint is solely decorative or ornamental in nature and does not function as a trademark to identify and distinguish Plaintiff's goods from the goods of others nor does it serve to indicate Plaintiff as the source of Plaintiff's goods and is therefore incapable of legal protection under trademark or unfair competition law.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiff, by reason of its conduct, including acts of omission and/or commission, with respect to its purported trademark (Exhibit A to the Complaint), has caused the mark to lose its significance, if any, and has abandoned the mark.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's *fleur-de-lis* design is neither valid nor enforceable under the Trademark Laws of the United States, or under equivalent state statutory or common law.

**NINETEENTH AFFIRMATIVE DEFENSE**

To the extent that any of Plaintiff's state law claims against Defendants come within the subject matter of trademark, and assert legal or equitable rights equivalent to any exclusive rights with the general scope of trademark, those claims are pre-empted under the Trademark Laws of

the United States.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant hereby gives notice that it intends to rely on any other affirmative defenses that may be available or appear during discovery proceedings in this case or thereafter, and reserves the right to amend its answer to assert any such additional defenses.

**COUNTERCLAIM**

**Nature of Counterclaim**

1. Defendant and Counter Claimant, Federal Jeans, seeks judgment declaring that Plaintiff's and Counterclaim Defendant's alleged trademark (see Exhibit A to the Complaint) is invalid and unenforceable.

2. If Plaintiff's alleged mark is invalid and unenforceable, then Defendant has not committed any wrongful act under the United States' Trademark Laws or under the equivalent and/or corresponding state laws as alleged in Plaintiff's Complaint.

**Jurisdiction and Venue**

3. This Court has jurisdiction over the subject matter of Defendant's Counterclaims pursuant to 15 U.S.C. §§1119, 1121, 28 U.S.C. §§1331, 1338 (a), 1367 (a), 2201 (a), 2202 and the principles of supplemental, pendant and ancillary jurisdiction.

4. Venue with respect to Defendant's Counterclaims is proper in this judicial district pursuant to 28 U.S.C. §§1391 (b) and (c), because Plaintiff is subject to personal jurisdiction within this judicial district, a substantial part of the events giving rise to Defendant's Counterclaims occurred within this judicial district, and by bringing its claims in this Court, Plaintiff consents to venue and jurisdiction over it in this Court.

**The Parties**

5.     Counter Claimant, Federal Jeans, is a New York corporation having its principal place of business at 215 West 40th Street, 6th FL, New York, New York 10018.

6.     According to the Complaint, Plaintiff/Counterclaim Defendant ("Plaintiff"), RCRV, Inc., d/b/a ROCK REVIVAL, is a California corporation, having its principal place of business at 4715 S. Alameda Street, Los Angeles, California 90058.

**Plaintiff's Lawsuit**

7.     Plaintiff's Complaint contains five (5) Claims For Relief as follows: Breach of the December 2013 Settlement Agreement; Trademark Counterfeiting & Infringement; False Designation of Origin; Common Law Trademark Infringement; and Common Law Unfair Competition. All of the above claims are based upon Plaintiff's alleged proprietary rights in its purported Inverted Fleur-de-Lis Design.

**As and for a Counterclaim**
**(For Cancellation of Plaintiff's Registered Trademark)**

8.     Defendant hereby re-alleges, as if fully set forth herein, its Affirmative Defenses set forth above.

9.     Defendant hereby re-alleges, as if fully set forth herein, the allegations contained in ¶¶1 through and including 8 herein above.

10.    Defendant is likely to be damaged by continued registration of Plaintiff's U.S. Trademark Registration number 4,248,371 ("Plaintiff's Inverted Fleur-De-Lis Design").

11.    Defendant is in the business of manufacturing, distributing and selling of clothing, and, in particular, jeans pants, which are of a related nature to Plaintiff's goods described in said registration, in interstate commerce, since in or about December, 1994.

12. Defendant enjoys a prominent reputation in the wholesale clothing industry and its customers are large retailers.

13. Plaintiff's registration is for an inverted flower design, to-wit: a *fleur-de-lis* which has been widely used since at least the middle ages.

14. Plaintiff's mark is not inherently distinctive nor has it become distinctive in that purchasers do not associate the mark with Plaintiff alone.

15. Plaintiff's mark does not have any secondary meaning and does not function as a trademark to identify and distinguish Plaintiff's goods from those of others nor does it indicate Plaintiff as the source of Plaintiff's goods.

16. Plaintiff's mark is solely decorative or ornamental in nature.

17. Defendant has a valid and legal right to use Plaintiff's alleged proprietary design; notwithstanding Defendant's position, the alleged infringing design is an arrow and not a flower, including a *fleur-de-lis*.

18. Defendant is likely to be damaged by continued registration of the inverted fleur-de-lis in that the *prima facie* evidentiary effect of such registration tends to impair Defendant's right as well as that of any other party, to use a *fleur-de-lis* or inverted *fleur-de-lis*.

19. Defendant respectfully prays that this Court exercise its power under 15 U.S.C. §1119, to order the Commissioner of Patents and Trademarks to cancel the registration of Plaintiff's U.S. Trademark Registration number 4,248,371, and grant to Defendant such further relief as to the Court may seem just and proper in the circumstances.

**Prayer for Relief**

**WHEREFORE**, Defendant, Federal Jeans, Inc., respectfully requests that the Court grant judgment as follows:

A. dismissing Plaintiff's claims with prejudice and providing that Plaintiff recover nothing on its claims; and

B. declaring that Defendant has not engaged in any acts of registered or unregistered trademark infringement and counterfeiting, false designation of origin, common law unfair competition or common law trademark infringement; and

C. awarding to Defendant, Federal Jeans, Inc., attorneys' fees and all costs incurred to defend this action; and

D. declaring that Plaintiff's, RCRV, Inc.'s, inverted fleur-de-lis trademark is invalid and unenforceable and exercising its power under 15 U.S.C. §1119, ordering the Commissioner of Patents and Trademarks to cancel the registration of Plaintiff's U.S. Trademark Registration number 4,248,371; and

E. granting to Defendant such further relief as to the Court may seem just and proper in the circumstances.

**JURY DEMAND**

Defendant, Federal Jeans, Inc., hereby demands a trial by jury of all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: Atlantic Beach, New York
June 20, 2016

Respectfully submitted,

**BENNETT D. KRASNER, ESQ.** (bk-8375)
*Attorney for Defendant, Federal Jeans, Inc.*
1233 Beech Street No. 49
Atlantic Beach NY 11509
Tel. (516) 889-9353
Fax (516) 432-7016
email: bkrasner@bdklaw.net

TO:
Louis S. Ederer, Esq.
louis.ederer@aporter.com
Matthew T. Salzmann
matthew.salzmann@aporter.com
Arnold & Porter LLP
399 Park Avenue
New York, NY 10022
Tel: 212-715-1000
Fax: 212-715-1399